IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FORT WORTH 4th STREET PARTNERS, L.P., MOJITO ENERGY LLC, KSM MINERALS, LLC, 4th STREET MINERALS, LLC, and REILLY FAMILY MINERALS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CHESAPEAKE ENERGY CORP., CHESAPEAKE OPERATING, LLC, CHESAPEAKE EXPLORATION, LLC as successor by merger to CHESAPEAKE EXPLORATION, LP, and CHESAPEAKE LAND COMPANY LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | No. 3:14-cv-03871-M |

## DECLARATION OF JEFFREY BRAWNER

I, Jeffrey Brawner, declare as follows:

1. My name is Jeffrey Brawner. This declaration is based upon my personal knowledge of the facts and statements contained herein. If called and sworn as a witness, I could and would competently testify as to each of them.

2. I am a beneficial owner of Fort Worth 4th Street Partners, L.P. ("FWP").

3. I participated in the negotiations regarding the Surface Use Agreement ("SUA") with Dale Resources LLC ("Dale").

4. At the time of the negotiations for the SUA, the beneficial owners of FWP intended, at the time, to develop the remaining portion of the Forth Street Lands for residential use. As a result, FWP required strict limits on surface use. FWP and Dale agreed that FWP would be paid additional compensation to be calculated based upon the extent of operational activity on the

surface, including the wells' pad sites, water supply tanks for fracturing and completion work, compressor and similar facilities, and associated roads and pipelines.

5. The parties to the SUA agreed to defer the payment of such additional compensation until six years after the SUA's effective date. That deferred payment obligation made up an important element of the FWP's decision to enter into the SUA. The deferred payment obligation in the SUA (at paragraph 17) served as part of the consideration for the overall SUA including, without limitation, permitting Dale to use of the Fourth Street Lands as a surface location for Dale's anticipated drilling operations. Without the deferred payment obligation, FWP would have obtained other concessions or consideration in connection with the SUA.

6. To date, the deferred payment obligation under the SUA has not been satisfied.

7. Over the course of time after Chesapeake took over as operator, Chesapeake has assigned (or paid pending delivery of the recorded assignments) overriding royalties to FWP (or its designees) for over twenty producing gas wells associated with the SUA.

8. When the parties agreed, in the Master Amendment, to delete paragraphs 1-13 of the SUA, FWP did not intend to eliminate or alter the deferred payment obligation. The intent, rather, was to merely eliminate the restrictions on the type of surface use. By leaving paragraph 17 of the SUA in place, the parties intended to maintain the deferred payment obligation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed: September 11, 2015.

_____
Jeffrey Brawner

F:\GIC\01554 Fort Worth-Needham Tract (4th Street)\150911 Brawner Declaration - Clean.docx

DECLARATION OF JEFFREY BRAWNER                                              Page 2